## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

GREGORY DEAN MILLER,

    Plaintiff,

v.            CIVIL ACTION NO.   2:13-cv-21753

STEPHEN TUCKER, et al.,

    Defendants.


### MEMORANDUM OPINION AND ORDER

Plaintiff filed his complaint initiating this civil action on August 13, 2013 (ECF 1), and filed an amended complaint terminating one of the named Defendants on August 26, 2013 (ECF 4).   Plaintiff did not serve the remaining Defendants with process and took no further action to prosecute this civil action until contacting the Court in mid-January 2014 by way of letter inquiring about the case's status.

Thereafter, on February 10, 2014, the Court issued an Order observing that service had not been obtained upon Defendants within 120 days of the filing of the complaint as required by Fed. R. Civ. P. 4(m).   (ECF 8.)   The Court further observed that Plaintiff's counsel had informally advised the Court that Plaintiff intended to effectuate service of process on Defendants. Notwithstanding such notification, however, and because more than 120 days had passed since the filing of the complaint, the Court directed Plaintiff to provide an update to the Court regarding the status of the case and to demonstrate why good cause existed for his failure to serve the Defendants

1

with process within the time period set forth in Fed. R. Civ. P. 4(m). The Court further directed that Plaintiff's response be made by motion. On February 11, 2014, Plaintiff filed a two-page document entitled "Plaintiff's Response to Court's Order Regarding Service." (ECF 9.)[1]

The majority of Plaintiff's response simply details the history of two prior unsuccessful attempts to litigate this case. With respect to the issue of untimely service in *this* civil action, Plaintiff's counsel explains that the reason that the Defendants were not served after the Clerk issued electronic summonses (ECF 2) was that he has "never before filed a suit in federal court and assumed that the $400 filing fee included service, as it does in state court. Months went by, until in January [counsel] wrote to the Court inquiring as to the status." Counsel further explains that after consultation with the Clerk he is now undertaking efforts to serve the Defendants.

Counsel makes a conclusory assertion without citation to authority that this stated reason constitutes good cause and excusable neglect, and that, therefore, "the case . . . should go forward." The Court is not persuaded.

Federal Rule of Civil Procedure 4(m) provides, in pertinent part,

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

With respect to Rule 4(m)'s good cause requirement, another district court has helpfully explained:

---

[1] Inexplicably, and in spite of the history of this case, as of the date of this order, the only summons that appears to have been executed is for Defendant "Stephen D. Crook." (ECF 10.) Moreover, although Plaintiff's Complaint names as a defendant "Stephen D. Crook, Individually, and as Administrator of the South Central Regional Jail," Plaintiff's Amended Complaint does not name any such Defendant, but rather names a "Stephen Tucker, individually, and as Administrator of the South Central Regional Jail." There is *still* no evidence that service has occurred as to any of the other Defendants.

> To establish good cause, the plaintiff generally must exercise reasonable diligence in trying to effect service.   Good cause may be found, for example, where a defendant is evading service; where the plaintiff experienced difficulty in obtaining a defendant's proper address; where court staff misdirected a *pro se* plaintiff as to the appropriate procedure for service; or where a plaintiff was unaware of the defect in service until after the deadline expired.   The common thread in all of these examples is that the interference of some outside factor prevented the otherwise-diligent plaintiff from complying with the rule.

*Martinez v. United States*, CIV.A. DKC 13-0237, 2013 WL 6858860, at *2 (D. Md. Dec. 26, 2013) (citations omitted).

In contrast, "[c]ourts have not found good cause in situations where counsel's inadvertence, neglect or lack of diligence caused the 120 day time period within which to effect service to lapse."   *Bagby v. Prince George's Cnty.*, RWT 12CV537, 2012 WL 3867329, at *3 (D. Md. Sept. 5, 2012); *see also Graham v. Office Depot, Inc.*, 4:04-23361-TLW-TER, 2007 WL 2891478, at *2 (D.S.C. Sept. 28, 2007) (explaining that "inadvertence or neglect of counsel to file in timely fashion will not suffice" to show good cause) (citations omitted).

Here, the only asserted grounds on which Plaintiff seeks to establish good cause is counsel's unfamiliarity with the rules governing service in federal court.   Plaintiff has cited no authority in support of his position that this constitutes good cause.   Indeed, it is patently insufficient to establish good cause.   *See, e.g.*, *Clark v. E.I. Dupont de Nemours and Co. Inc.*, No. 95-2607, 86 F.3d 1149, at *1 (4th Cir. May 30, 1996) (unpublished) (concluding that plaintiff failed to establish good cause for failing to comply with Rule 4(m) where defendant was not served until approximately 150 days after the complaint was filed and the stated reason for the untimeliness was that plaintiff relied on a commercial process server but for reasons unknown service was not made); *Chen v. Mayor & City Cncl. Of Baltimore*, 292 F.R.D. 288, 294 (D. Md.

2013) (holding that pro se plaintiff's mistaken belief that the U.S. Marshal's Office would make service on his behalf was not good cause); *Tenenbaum v. PNC Bank Nat. Ass'n*, CIV.A. DKC 10-2215, 2011 WL 2038550, at \*2, 5 (D. Md. May 24, 2011) (finding that no good cause existed where plaintiff did not serve one defendant until 133 days after he filed his complaint and did not serve another defendant at all and stated that the reasons for such untimeliness included difficulty fully investigating the case and the complexity of the case); *cf. Defreitas v. Montgomery County*, PWG-12-2893, 2014 WL 31885, at \*2 (D. Md. Jan 3, 2014) (noting that the plaintiff conceded that good cause did not exist where plaintiff made no diligent effort to serve the complaint on defendants for over seven months).

Accordingly, the Court finds that Plaintiff has not demonstrated good cause for failing to serve the Defendants and that he is, therefore, not entitled to an extension of the time for service on that ground.

This finding does not necessarily end the Court's inquiry, however, because a disagreement exists in this Circuit as to whether a showing of good cause is absolutely necessary, or whether an extension of time to effectuate service may nonetheless be granted within the Court's discretion even if good cause is not shown. *See Uzoukwu v. Prince George's Cmty. Coll. Bd. of Trustees*, CIV.A. DKC 12-3228, 2013 WL 3072373, at \*2 (D. Md. June 17, 2013) (explaining that "[s]ome decisions, relying on the Fourth Circuit's ruling in *Mendez v. Elliot,* 45 F.3d 75 (4th Cir.1995), hold that a showing of good cause is mandatory . . . [while] [o]ther cases, relying on the Advisory Committee Notes to Rule 4(m) and *dicta* from *Henderson v. United States,* 517 U.S. 654, 662 (1996), hold that *Mendez* is no longer good law"); *compare, e.g.*, *AST Products, Inc. v. Medkote, LLC*, CIV.A. 3:12-05403, 2013 WL 2368071, at \*4 (S.D. W. Va. May

4

29, 2013) (Chambers, C.J.) (holding that a district court may grant an extension for the time to file service under Rule 4(m) even if good cause is not shown), *and Wallace v. Cmty. Radiology*, CIV.A. 1:09-0511, 2011 WL 4596694, at \*5 (S.D. W. Va. Sept. 30, 2011) (holding same), *with, e.g.*, *Defreitas*, 2014 WL 31885, at \*4 (holding that a showing of good cause is required to extend the time for service beyond 120 days); *Chen*, 292 F.R.D. at 293 & n.7 (concluding that a showing of good cause was still required to extend time for service, notwithstanding recent unpublished Fourth Circuit cases endorsing a contrary position).

The Court need not reach the merits of this debate, however, because even assuming that the Court has the discretion to extend the time period for service absent a showing of good cause, Plaintiff has not demonstrated that such an extension is warranted here.

In considering whether to extend the time for service where a plaintiff has failed to show good cause for his or her failure to effect timely service of process, courts have identified a number of factors to consider, including:

> The Advisory Committee Note to Rule 4(m) provide[s] that "[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Other factors to consider are whether the defendant had notice of the suit and whether the defendant has been prejudiced.

*AST Products, Inc.*, 2013 WL 2368071, at \*4 (citation omitted).

Another district court has held that "even if good cause is no longer an absolute requirement under Rule 4(m), [the court] would still need to have some reasoned basis to exercise its discretion and excuse untimely service: the Court must give some import to the rule." *Hoffman v. Baltimore Police Dep't*, 379 F. Supp. 2d 778, 786 (D. Md. 2005). Other courts, relying on Fed. R. Civ. P. 6(b)(1)(B), have held that a district court has discretion to extend the

120–day period if a plaintiff can show excusable neglect.   *See Pitts v. O'Geary*, 5:13-CV-116-D, 2014 WL 229350, at *4−5 (E.D.N.C. Jan. 21, 2014); *see also Hansan v. Fairfax Cnty. Sch. Bd.*, 405 F. App'x 793, 793−94 (4th Cir. 2010) (unpublished) (observing that "the district court has discretion to extend the period if the plaintiff can show excusable neglect for his failure to serve").

Here, the Court finds that Plaintiff cannot satisfy any of these standards.

Plaintiff has not asserted that the statute of limitations would bar a refiled action.[2]   Nor is there any evidence that any of the named defendants have evaded service or otherwise have notice of the suit.[3]   Rather, by Plaintiff's counsel's own admission he simply did not serve the defendants due to his mistaken impression that the Clerk of the Court would do so for him. Indeed, for over four months counsel took no action to prosecute this case or to familiarize himself with the applicable Rules of Civil Procedure and practices of the Court in which Plaintiff elected to file this action.   Moreover, Plaintiff has offered no other argument as to why the timeframe for service should be extended beyond an assertion that "the case has merit."   In light of the certification requirements of Rule 11, the Court assumes that Plaintiff's counsel believes that the pleading he signed and filed has merit.   Such conclusory arguments, however, provide little helpful information for the Court to consider with respect to the issue currently before the Court.[4]

---

[2]  The Court observes that even were such a factor clearly present here, it would not be dispositive.  *See, e.g.*, *Defreitas*, 2014 WL 31885 at *4 (holding that plaintiff's averment that the statute of limitations would prevent plaintiff from refiling the case was not a "reasoned basis" for excusing plaintiff's untimely service).

[3]  The possible exception is "Stephen D. Crook," who, although he is not named as a Defendant in Plaintiff's amended Complaint appears to have been served well after the 120 day timeframe had elapsed.   (ECF 10.)

[4]  The Court also observes that notwithstanding the direction to Plaintiff that his response to the Court's Order be made by motion (ECF 8), Plaintiff has not actually, or at least clearly, moved in his response for an enlargement of time to serve Defendants.   Rather, he simply advises the Court that he is now effectuating (untimely) service more than 120 days after the filing of his complaint and asserts that the failure to previously serve the Defendants was "the product of excusable neglect" and that "good cause is shown" and "the case . . . should go forward."   (ECF 9 at 2.)

The Court further finds that none of these assertions represent a "reasoned basis" upon which the Court may exercise discretion.  *See Hoffman*, 379 F. Supp. 2d at 785−87 (finding no "reasoned basis" to exercise discretion to excuse untimely service where one defendant was served a day late and another was served a few days late but "Plaintiff's counsel did absolutely nothing to attempt to serve these defendants for 118 days, and offer[ed] the unavailability of one of his office staff on the final two days as the reason for untimely service," and observing that exercising discretion in such a circumstance makes it "difficult to imagine what scenario would not give rise to a free pass around the rule").

Nor has Plaintiff demonstrated excusable neglect.  To determine whether a party has established excusable neglect under Fed. R. Civ. P. 6(b), a court should consider (1) "the danger of prejudice to [the non-moving party]," (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was in the reasonable control of the movant, and" (4) "whether the movant acted in good faith."  *King v. Wetzel Cnty. Comm'n*, 2013 WL 5675275, at *1−2 (N.D. W. Va. Oct. 17, 2013) (Stamp, J.) (quoting *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).   The Fourth Circuit has explained that "[e]xcusable neglect is not easily demonstrated, nor was it intended to be," and that the most important of the factors is the reason for the failure to timely file.  *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir.1996) (quotation omitted).  "A party's failure to act with diligence precludes a finding of excusable neglect."  *Smith v. Look Cycle USA*, 933 F. Supp. 2d 787, 791 (E.D. Va. 2013) (citing *Robinson v. Wix Filtration Co.*, 599 F.3d 403, 413 (4th Cir. 2010).   Additionally, "[w]hile 'excusable neglect' is an equitable standard, 'inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute

7

'excusable neglect.'"   *Stronach v. Virginia State Univ.*, 577 F. Supp. 2d 788, 789 (E.D. Va. 2008)

(citing *Pioneer Inv. Servs.*, 507 U.S. at 392).

Here, Plaintiff has cited no authority in support of his assertion that his failure to serve

process was the product of excusable neglect, nor has he directly addressed any of the relevant

factors involved in reaching that determination.   Moreover, his stated reason for failing to timely

serve Defendant is clearly insufficient.   It was within the reasonable control of Plaintiff and

Plaintiff's counsel to comply with the applicable rules regarding service, and ignorance of or

mistakes construing the rules do not generally amount to excusable neglect.   Nor does this stated

reason demonstrate a diligent pursuit of this civil action.   These facts outweigh the extent to

which other *Pioneer* factors could potentially favor Plaintiff.

Accordingly, to the extent that the Court has the discretion to extend the timeline for

service absent a showing of good cause, the Court find no reason to do so under any of the

frameworks previously articulated, nor upon its own independent evaluation of the facts presented

here.   *See Tenenbaum*, 2011 WL 2038550, at *6 ("Even if [a court] can . . . extend the service

period without good cause, there is no reason to do so here.   The mere fact that a court *can* extend

the period does not mean it *should*.").

For these reasons, and notice having been given to the Plaintiff pursuant to Fed. R. Civ. P.

4(m), the Court **FINDS** that Plaintiff has not shown good cause for failing to serve the Defendants

in this civil action within 120 days after the complaint was filed.   The Court further **FINDS** that to

the extent that the Court may exercise its discretion to extend the time for service absent a showing

of good cause, such extension is not warranted under the facts presented here.

8

Therefore, it is **ORDERED** that this civil be, and the same is hereby, **DISMISSED WITHOUT PREJUDICE** and retired from the docket of the Court.

      **IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to Plaintiff, counsel of record, and any unrepresented party.

         ENTER:      March 13, 2014

_____

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE